UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBERT E. ENTRIKIN, | ) | |
| | ) | |
| Petitioner, | ) | 2: 10-cv-00188-RLH-LRL |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| NDOP WARDEN, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, a state prisoner, is proceeding *pro se* in this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his amended petition on June 2, 2010. (Docket #6.)

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

After reviewing the amended petition filed in this action, the court finds that petitioner is either unable or unwilling to explain to the court what conviction he is challenging, the procedural history of that conviction, or the legal basis on which he believes that he is entitled to habeas corpus relief. The information which petitioner has provided suggests that this may be a relatively complex petition, at least on a procedural basis, involving two convictions and multiple remands by the Nevada Supreme Court. The court believes that appointment of counsel in this case would serve the interests of justice.

Therefore, the Federal Public Defender for the District of Nevada ("FPD") shall be appointed to represent petitioner. If the FPD is unable to represent petitioner, due to a conflict of interest or other reason, then alternate counsel for petitioner shall be located, and the Court will enter a separate order appointing such alternate counsel. In either case, counsel will represent petitioner in all future federal proceedings relating to this matter (including subsequent actions) and appeals therefrom, unless allowed to withdraw.

**IT IS THEREFORE ORDERED** that the Federal Public Defender is appointed to represent petitioner.

**IT IS FURTHER ORDERED** that the Clerk shall **ELECTRONICALLY SERVE** the Federal Public Defender with a copy of this order, together with a copy of the amended petition for writ of habeas corpus and its attachments. (Docket #6). The FPD shall have thirty (30) days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.

**IT IS FURTHER ORDERED** that the Clerk shall **RESUBMIT** this case to the court after the FPD has appeared as counsel for petitioner, after the FPD has indicated its inability to represent petitioner, or after thirty (30) days from the entry of this order, whichever occurs first.

/ / / /

/ / / /

/ / / /

1  **IT IS FURTHER ORDERED** that, after counsel has appeared for petitioner in this
2  case, the court will issue a scheduling order, which will, among other things, set a deadline for the
3  filing of a second amended petition.

5  DATED this ___28th___ day of _____September_____, 2010.

_____
UNITED STATES DISTRICT JUDGE